UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA                    **MEMORANDUM AND ORDER**

          - against -                       10-cr-809 (S-4)(KAM)

CHRISTOPHER BARRET et al.,

               Defendants.

------------------------------------X

**MATSUMOTO, United States District Judge:**

          Defendants Christopher Barret, Kareem Forrest, Ryan

Anderson, Latoya Manning and Leon Scarlett (collectively,

"defendants") are charged with various narcotics trafficking

crimes in a fourth superseding indictment (the "Superseding

Indictment"), filed on December 27, 2011.  (*See generally* ECF

No. 395, Superseding Indictment ("S-4").)

          Count One of the Superseding Indictment charges Barret

with knowingly and intentionally engaging in a continuing

criminal enterprise in violation of 21 U.S.C. §§ 848(a) and (c)[1]

and 18 U.S.C. § 3551 *et seq.*[2]  (S-4 ¶¶ 1-22.)  Count Two of the

Superseding Indictment charges defendants with conspiring to

distribute and possess with intent to distribute more than 1000

---

[1] 21 U.S.C. § 848(a) makes it unlawful to engage in a continuing criminal
enterprise.  Under 21 U.S.C. § 848(c), an individual engages in a "continuing
criminal enterprise" if he violates the felony drug laws as part of a
"continuing series of violations" together with five or more persons who act
in concert, and he is an organizer, supervisor, or other manager with respect
to those individuals, and obtains "substantial income or resources" from the
continuing series of violations.

[2] 18 U.S.C. 3551 *et seq.* generally provides penalties for offenses described
in any federal statute.

kilograms of marijuana between November 2006 and November 2010, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii)[3] and 846,[4] and 18 U.S.C. § 3551 *et seq.*[5]  (*Id.* ¶ 23.)  Counts Three and Four charge Barret and Manning with maintaining and conspiring to maintain a stash house in violation of 21 U.S.C. §§ 846 and 856(a)-(b),[6] and 18 U.S.C. § 3551 *et seq.*  (*Id.* ¶¶ 24-25.)

Count Five charges Barret, Forrest, Anderson, Manning and Scarlett with distributing or possessing with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1)[7] and 841(b)(1)(A)(vii), and 18 U.S.C. §§ 2[8] and 3551 *et seq.*  (*Id.* ¶ 26.)  Count Six charges defendants with using, carrying, possessing, brandishing and discharging a firearm in furtherance of drug-trafficking crimes between November 2006 and October

---

[3] Under 21 U.S.C. § 841(b)(1)(A)(vii), any violation of 21 U.S.C. § 841(a)(1) that involves "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight" is punishable by a term of imprisonment of at least ten years, or at least twenty years "if death or serious bodily injury results from the use of such substance."

[4] 21 U.S.C. § 846 provides that the penalties for conspiracy match those for the substantive underlying offense.

[5] 18 U.S.C. 3551 *et seq.* generally provides penalties for offenses described in any federal statute.

[6] 21 U.S.C. § 856(a) makes it unlawful to "knowingly . . . use[] or maintain any place . . . for the purpose of manufacturing, distributing, or using any controlled substance" or to "manage or control any place, . . . as a[] . . . lessee . . . or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance."

[7] 21 U.S.C. § 841(a)(1) makes it unlawful for any person to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

[8] 18 U.S.C. § 2 provides, in relevant part:  "Whoever . . . aids, abets, counsels, commands, induces or procures [the] commission" of an act or "willfully causes an act to be done" against the United States is punishable as a principal.

2010, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i),[9]
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2[10] and 3551 *et seq.*  (*Id.* ¶
27.)

On December 21, 2011, the court ruled on the parties'
motions *in limine*, with the exception of a discrete issue
regarding which the court reserved decision until further
briefing was filed, upon request from Mitchell's counsel.  *See
generally United States v. Barret*, 10-CR-809, 2011 WL 6704862
(E.D.N.Y. Dec. 21, 2011).  Having received and reviewed
additional submissions from Mitchell and the government, the
court herein sets forth its ruling on the outstanding motion *in
limine*, in which the government seeks to introduce evidence
against Mitchell that Mitchell "always carried a gun," which he
allegedly used, together with Scarlett, to rob a truck driver in
Queens for marijuana in 2003.[11]

For the reasons set forth below, the court (1) denies
the government's motion to admit this evidence as direct
evidence of the conspiracy; (2) denies without prejudice the

---

[9] Under 18 U.S.C. § 924(c)(1)(A)(i)-(iii), the use or possession, brandishment
and discharge of a firearm in relation or in furtherance of a drug
trafficking crime is punishable by a term of imprisonment of at least five,
seven, and ten years, respectively.

[10] 18 U.S.C. § 2 provides, in relevant part: "Whoever . . . aids, abets,
counsels, commands, induces or procures [the] commission" of an act or
"willfully causes an act to be done" against the United States is punishable
as a principal.

[11] The government's initial motion papers indicate that this robbery occurred
in "2006/2007."  (ECF No. 299, Government's Motions in Limine ("Gov't Mem.")
at 11.)  On reply, the government clarifies that the incident occurred in
2003.  (*See* ECF No. 336, Reply to Government's Motion *in Limine* ("Gov't
Reply") at 42 n.21.)

government's motion to admit the evidence as an "other act"

pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)")

against Mitchell or Barret; and (3) grants the government's

motion to admit the evidence as an "other act" pursuant to Rule

404(b) against Scarlett only.

**BACKGROUND**[12]

**I.    The Instant Motion**

**A. Admission of Testimony as Direct Evidence**

In the pending motion *in limine*, the government moves

to admit as direct evidence of the charged conspiracy testimony

that during the course of the alleged conspiracy, Scarlett

"described [a 2003] incident in which co-conspirators Omar

Mitchell and Leon Scarlett robbed a truck driver at gunpoint and

stole a large quantity of marijuana, which [Mitchell and

Scarlett] provided to co-defendant Christopher Barret to

distribute."  (Gov't Mem. at 11; ECF No. 377, Government's

Supplemental Letter Brief ("Gov't Supp. Br.") at 1.)  The

government contends that because Scarlett made this statement

during the course of the conspiracy "to highlight a particular

instance of violence to illustrate his point about the relative

importance of certain members of the conspiracy and the division

---

[12] The court assumes the parties' familiarity with the alleged facts
underlying the Superseding Indictment as presented by the government and
outlined by the court in its Memoranda and Orders dated November 16, 2011 and
December 21, 2011.  *See United States v. Barret*, No. 10-cr-809, --- F. Supp.
2d ---, 2011 WL 5579079, at *2-4 (E.D.N.Y. Nov. 16, 2011); *see Barret*, 2011
WL 6704862, at *2.

of illegal proceeds," the evidence is "intertwined with the
charged offenses."  (Gov't Supp. Br. at 6.)

Mitchell and Barret[13] oppose the government's motion to
admit testimony regarding Scarlett's statement primarily on
grounds that the evidence is "not necessary for the ostensible
purposes of establishing a relationship amongst the defendants,
or as background to the conspiracy" in light of the availability
of seizures, surveillance recordings and testimony from
cooperating witnesses to prove relationship and background.
(ECF No. 318, Letter Brief in Opposition by Omar Mitchell
("Mitchell Opp'n") at 1; ECF No. 321, Letter Brief in Opposition
to Government's Motions *in Limine* by Christopher Barret ("Barret
Opp'n"), at 2.)

**B. Admission of Testimony Pursuant to Rule 404(b)**

In the alternative, the government seeks to admit
testimony regarding Scarlett's statement pursuant to Rule
404(b).  The government contends that the testimony is
admissible for "numerous relevant, non-propensity purposes,"
including (1) to establish the background of the conspiratorial

---

[13] Scarlett opposed the introduction of testimony regarding his statement on
grounds that he was incapable of committing the alleged robbery during the
"2006/2007" timeframe originally alleged by the government (*see* Gov't Mem. at
11) because he was incarcerated between September 2005 and September 2008.
(*See* ECF No. 317, Memorandum of Law in Opposition to the Government's Rule
404(b) Application, Request for Anonymous Jury and to Renew a Rule 14
Severance Application by Leon Scarlett ("Scarlett Opp'n"), at 10 n.4.)  After
the government clarified the date of the robbery (*see* Gov't Reply at 42
n.21), however, Scarlett did not further oppose introduction of the
testimony.

relationships among Barret, Mitchell and Scarlett; (2) to prove
Mitchell's intent, and knowledge and access to firearms; (3) to
prove knowledge and intent with respect to Mitchell's
involvement in the charged narcotics conspiracy; (4) to show
Barret's leadership role and acquisition of substantial
resources from narcotics trafficking; (5) to illustrate Mitchell
and Scarlett's roles in the later narcotics enterprise and
"provide the jury with a vivid example of how their activities
as armed enforcers had the effect of furthering Barret's
narcotics enterprise--as opposed to being simply random acts of
violence"; and (6) to explain how Barret jump-started his
marijuana trafficking business in the United States with the
infusion of a large quantity of "free" marijuana. (Gov't Supp.
Br. at 5.)

Mitchell, Barret and Scarlett oppose admission of the
testimony regarding Scarlett's statement pursuant to Rule 404(b)
on grounds that there is insufficient evidence for the district
court to find by a preponderance that each defendant committed
the acts alleged. (Barret Opp'n at 4; Mitchell Opp'n at 3-4;
Scarlett Opp'n at 10.) Mitchell in particular argues that there
is insufficient evidence to support a finding that he actually
committed the alleged robbery because the government witness's
testimony will be "too unreliable without any corroborating
evidence." (Mitchell Opp'n at 3-4.) He further argues that the

government witness's unreliability is demonstrated by the fact that the government initially stated that the robbery occurred in 2006 or 2007, and now alleges that the incident occurred in 2003. (ECF No. 367, Letter in Further Opposition to 404(b) Motion by Omar Mitchell ("Mitchell Supp. Br.") at 2.)[14] Mitchell, Barret and Scarlett also urge the court to deny admission of this testimony pursuant to Rule 404(b) because (1) the government has sufficient other evidence to establish the defendants' background and knowledge of and access to weapons and drugs; (2) the probative value of such evidence is outweighed by the risk of unfair prejudice; and (3) the alleged events are "too far removed in time to be relevant to the charges in the [Superseding] Indictment." (*See* Scarlett Opp'n at 6-10, 13-16; Barret Opp'n at 2-3; Mitchell Supp. Br. at 3.)

## DISCUSSION

### II.  Admissibility as Direct Evidence

#### A. Legal Standard

It is well settled in the Second Circuit that where an indictment contains a conspiracy charge, "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy" is considered "part of the very act charged."

---

[14] In its supplemental submission, the government clarifies that the change in the date of the alleged robbery from "2006/2007" (*see* Gov't Mem. at 11) to "2003" (*see* Gov't Reply at 42 n.21) did not arise from a shift in the witness's story; rather, the government acknowledges that it resulted from counsel's inadvertent clerical error. (Gov't Supp. Br. at 4 n.2.)

*United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) (internal quotation marks and alterations omitted); *see United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994) (in conspiracy cases, "uncharged acts may be admissible as direct evidence of the conspiracy itself"). Consequently, evidence of uncharged criminal conduct is relevant and not considered "other crimes" evidence under Rule 404(b) if the uncharged conduct "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Khan*, 591 F. Supp. 2d 202, 205 (E.D.N.Y. 2008) (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)); *see United States v. Nektalov*, 325 F. Supp. 2d 367, 370 (S.D.N.Y. 2004) (same).

Examples of acts performed in furtherance of the conspiracy include acts of violence or use of threats to settle conspiracy-related disputes, enforce discipline and chastise rivals. *United States v. Santos*, 541 F.3d 63, 72 (2d Cir. 2008). In addition, "[i]ntimidation, violence, and the payment of debts is generally understood to be intertwined with the management and operation of narcotics conspiracies . . . ." *Khan*, 591 F. Supp. 2d at 205.

**B. Application**

The court finds that the proffered evidence is inadmissible as direct evidence of the charged conspiracy. As the government acknowledges, the alleged robbery occurred in 2003, more than three years before the charged conspiracy underlying Count Two of the Superseding Indictment. Accordingly, although the robbery may be relevant to provide background information about the conspiracy, it is neither "part of the very act charged," *Diaz*, 176 F.3d at 79, nor "inextricably intertwined with the evidence regarding the charged offense[] or . . . necessary to complete the story of the crime on trial." *Khan*, 591 F. Supp. 2d at 205.

The court is not persuaded by the government's argument that the prior act was "intertwined with the charged offenses" because Scarlett referred to the alleged robbery during the course of the charged conspiracy. (*See* Gov't Supp. Br. at 5-6.) Even if Scarlett made the statement at some point during the charged conspiracy, the statement regarding an incident three years prior to the commencement of the charged conspiracy did not "further[] . . . the alleged conspiracy" and therefore cannot not be considered "part of the very act charged." *Diaz*, 176 F.3d at 79. Moreover, the court rejects as tenuous the argument that because Scarlett described the robbery to explain "the relative importance of certain members of the

conspiracy and the division of illegal proceeds," the alleged robbery itself is "intertwined with the charged offenses" (*see* Gov't Supp. Br. at 6). Accordingly, the court denies the government's motion to admit this evidence as direct evidence of the conspiracy.

### III. Admissibility Pursuant to Rule 404(b)

#### A. Legal Standard

Federal Rule of Evidence 404(b) governs the admissibility of other crimes, wrongs, and acts evidence:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). The Supreme Court has set forth four requirements for courts to follow in exercising their discretion under Rule 404(b): "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at the defendant's request, the district court should give the jury an appropriate limiting instruction." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002) (citing *Huddleston v. United States*, 485 U.S.

681, 691–92 (1988)); *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (similar).

The Second Circuit has "adopted an inclusionary approach to evaluating Rule 404(b) evidence." *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003); *see also Garcia*, 291 F.3d at 136 (same).  Under this inclusionary approach, "uncharged bad acts may be admitted into evidence for any relevant purpose other than propensity, provided that the probative value of the evidence outweighs the danger of unfair prejudice." *United States v. Graziano*, 391 F. App'x 965, 966 (2d Cir. 2010); *see also Edwards*, 342 F.3d at 176 (quoting *Garcia*, 291 F.3d at 136) (stating that the inclusionary approach "allows evidence to be received at trial for any purpose other than to attempt to demonstrate the defendant's 'criminal propensity'").

The Second Circuit has cautioned, however, that even under this inclusionary approach, district courts should not presume the relevance or admissibility of evidence under Rule 404(b) simply because the evidence does not serve the sole purpose of showing the defendant's bad character.  *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011).  "[Other] act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. LaFlam*, 369 F.3d 153, 157 (2d Cir. 2004)

11

(quoting *Huddleston*, 485 U.S. at 689); *see United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990) ("The relevancy of [other act] evidence is insured by the requirements of [Federal Rule [of Evidence] 104(b); and accordingly, [other act] evidence is relevant if the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant committed the act.")  The court evaluates the government's motion to admit the proposed evidence in light of these considerations.

### B. Application With Respect to Barret and Mitchell

The court finds that the first prong of the *Huddleston* test is satisfied because the evidence is offered for a proper purpose and "it is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993).  In the instant case, evidence of the alleged prior robbery may be offered for the non-propensity purpose of showing the background of the charged conspiracy and the relationships among three of the alleged co-conspirators, Barret, Scarlett and Mitchell.  In addition, the evidence may properly be admitted for the non-propensity purpose of demonstrating Scarlett and Mitchell's

access to and knowledge of firearms. *See United States v. Taylor*, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) (evidence of defendant's prior gun possession "admissible to demonstrate [defendant's] ability to access such a weapon").

The court finds that the second prong of the *Huddleston* test, relevance, has not been met with respect to Barret or Mitchell, however. "[I]n this pretrial stage, the court requires at least some proof that an act was committed and that [defendants] had a role in that act." *United States v. Bourne*, No. 08-CR-888, 2011 WL 4458846, at *13 (E.D.N.Y. Sept. 23, 2011); *United States v. Basciano*, No. 03-CR-929, 2006 WL 385325, at *5 (E.D.N.Y. Feb. 17, 2006) (requiring in pre-trial phase "some offer of proof as to . . . whether an act was committed and whether either of the defendants had a role in that act").

Here, the government seeks to elicit testimony from a third party that Scarlett once described an incident in which he and Mitchell robbed a truck driver at gunpoint for marijuana and provided the marijuana to Barret. (Gov't Supp. Br. at 1.) Aside from this hearsay-within-hearsay, however, the government has proffered no evidence to demonstrate that the robbery occurred or that Mitchell or Barret were involved in the alleged incident. Accordingly, because the court finds that there is an inadequate basis for the jury to find by a preponderance of the

13

evidence that either Barret or Mitchell was involved in the alleged robbery, the court denies without prejudice the government's motion to admit the proposed evidence against Barret or Mitchell pursuant to Rule 404(b).[15]

### C. Application With Respect to Scarlett

For the same reasons set forth *supra* in Section III.B., the court finds that the first prong of the *Huddleston* test is satisfied for purposes of evaluating the admissibility of the proposed evidence with respect to Scarlett. Specifically, the proposed evidence may be offered for the non-propensity purposes of showing Scarlett's historical illegal relationships with Barret and Mitchell and demonstrating Scarlett's access to and knowledge of firearms.

The court also finds that the second relevance prong of the *Huddleston* test is satisfied. Notably, pursuant to

---

[15] The court notes that much of defendants' opposition is founded upon an inaccurate understanding of the law that governs the admissibility of Rule 404(b) evidence. Mitchell contends that "[t]he Second Circuit prohibits the introduction of similar act evidence unless the district court finds by a preponderance of the evidence that the defendant *committed* the act sought to be introduced." (Mitchell Opp'n at 2 (citing *United States v. Leonard*, 524 F.2d 1076, 1090-1091 (2d Cir. 1975)) (emphasis added).) On the contrary, the court need only find that a "jury [could] reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689; *United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992) (same). Thus, "[t]he Court need not make a preliminary finding by a preponderance of the evidence under Rule 104(a) that the other act [to be admitted pursuant to Rule 404(b)] occurred before admitting such evidence at trial." *United States v. Brand*, No. S1 04 CR. 194, 2005 WL 77055, at *4 (S.D.N.Y. Jan. 12, 2005).

Federal Rule of Evidence 801(d)(2)(A),[16] the proposed testimony

is not hearsay if introduced against Scarlett.  Moreover,

Scarlett's own admission of his involvement in the alleged 2003

robbery is sufficient for a "jury [to] reasonably conclude that

the act occurred and that the defendant was the actor."

*Huddleston*, 485 U.S. at 689.

        The court also finds that the third *Huddleston* prong,

which weighs probative value against prejudicial effect, is

satisfied.  "The term 'unfair prejudice,' as to a criminal

defendant, speaks to the capacity of some concededly relevant

evidence to lure the factfinder into declaring guilt on a ground

different from proof specific to the offense charged."  *Old*

*Chief v. United States*, 519 U.S. 172, 180 (1997).  To determine

whether evidence is unduly prejudicial, the court considers it

in the context of the crime alleged.  Evidence shall be excluded

as unduly prejudicial when it is "more inflammatory than the

charged crime."  *United States v. Livoti*, 196 F.3d 322, 326 (2d

Cir. 1999); *cf. United States v. Pitre*, 960 F.2d 1112, 1120 (2d

Cir. 1992) (finding no unfair prejudice where "evidence of prior

[bad acts] 'did not involve conduct any more sensational or

disturbing than the crimes with which [the appellants were]

---

[16] Federal Rule of Evidence 801(d)(2)(A) provides that a statement is not hearsay if "[t]he statement is offered against an opposing party and was made by the party in an individual or representative capacity."

charged'") (quoting *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir. 1990)).

Count Six of the Superseding Indictment charges Scarlett with possessing, brandishing and discharging a firearm in relation to drug-trafficking offenses.  (*See* S-4 ¶ 27.) Because the court finds that Scarlett's statement of his participation in a robbery at gunpoint over marijuana is no more "sensational or disturbing" than the firearms charge Scarlett faces in Count Six, the court concludes that the probative value of the proposed evidence substantially outweighs any prejudicial effect.  Accordingly, the court grants the government's motion to admit the proposed evidence against Scarlett pursuant to Rule 404(b).

Finally, because the proposed evidence is admissible with respect to Scarlett but inadmissible against Mitchell or Barret, the court will instruct the jury to consider such evidence only against Scarlett to cure any prejudice concerns. *See United States v. O'Connor*, 650 F.3d 839, 859 (2d Cir. 2011) (finding risk of prejudice adequately mitigated where evidence was admissible against one defendant but not another, but jury was instructed to "consider the evidence against each defendant separately").

## CONCLUSION

For the reasons set forth above, the court (1) denies the government's motion to admit this evidence as direct evidence of the conspiracy; (2) denies without prejudice the government's motion to admit the evidence as an "other act" pursuant to Rule 404(b) against Mitchell or Barret; and (3) grants the government's motion to admit the evidence as an "other act" pursuant to Rule 404(b) against Scarlett only.

SO ORDERED.

Dated: December 31, 2011
Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

17